**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| v. | § | NO. 9:06-CR-49-2 |
| | § | |
| **DEKERION DRASHARD LEWIS** | § | |

**ORDER OVERRULING OBJECTIONS AND ADOPTING
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS**

Defendant Dekerion Lewis ("Dekerion")[1] moves to suppress evidence obtained against him in a vehicle search. Dekerion and Lonvicci Lewis ("Lonvicci") were detained in a traffic stop after Officer Heath White ("White"), a Texas Department of Public Safety trooper, noticed that the vehicle's license plate light was defective. The motion asserts that the incriminating evidence was obtained while the vehicle occupants were detained illegally.

The court referred this matter to the Honorable Earl S. Hines, United States magistrate judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. Judge Hines concluded that the incriminating evidence was obtained as a result of a consensual search, and that there was no illegal detention when the consent to search was obtained. Alternatively, Judge Hines found that even if the purposes of the initial traffic stop were complete when the search occurred, the officer had reasonable suspicion sufficient to continue the detention.

---

[1] As both defendants in this case have the same last name, the court, as did the magistrate judge, will refer to each by his first name for purposes of clarity.

Defendant Dekerion objects to the magistrate judge's analysis and argues that the magistrate judge was incorrect in his determination that there was no illegal detention, because the purposes of the traffic stop were effectuated when White decided to issue the warning citation. Continuing to detain Dekerion and Lonvicci to have Lonvicci sign the warning citation was an illegal detention, Dekerion argues, because there is no Texas statutory authority for an officer to issue or require a driver to sign a warning citation. Dekerion also argues that White had no reasonable suspicion of criminal activity after the computer checks came back, and that Lonvicci's consent, if valid, did not dissipate the taint of Dekerion's detention.

Dekerion does not provide, and the court's own research has not found, any cases addressing the specific issue of whether drivers can be required to *sign* warning citations. There is, however, ample authority for the *issuance* of warning citations, and the continued detention of drivers and passengers while the officer completes the warning citation. See United States v. Acosta, 130 Fed. App'x 672, 673 (5th Cir. 2005) ([m]oreover, the questioning of [defendant] occurred during the time necessary for [the officer] to effectuate the purpose of the stop, which was to issue [defendant] a warning"); United States v. Solis, 61 Fed. App'x 923 (5th Cir. 2003) (stating that the purpose of the stop was effectuated upon issuance of written warnings); see also Castro v. Texas, No. 14-04-00411-CR, 2006 WL 1318429, at *3 (Tex. App. — Houston [14th Dist], May 16, 2006) ("Having decided to write a warning citation, it is not illegal for an officer to detain a driver for the time required to do so."); Castellano v. Texas, 49 S.W.3d 566, 575 (Tex. App. — Corpus Christi, 2001, pet. ref'd.); George E. Dix and Robert O. Dawson, Criminal Practice and Procedure, 40 Tex. Prac. § 10.10a (2d ed.) ("An officer undoubtably has discretion in regard to traffic offense citations that includes not only to issue a citation or make a custodial arrest but also to take informal action such as issuance

of a warning."). Moreover, at least one Texas state court indicated that a traffic stop is complete once the driver has *signed* the warning citation. See <u>In re R.J.</u>, No. 12-03-00380-CV, 2004 WL 2422954, at *3 (Tex. App. — Tyler, 2004) (stating that as the officer "had written the warning citation *and [defendant] had signed it*," the purpose of the traffic stop had been completed (emphasis added)).

Although there is no statutory authority for Texas officer's issuing warning citations, Texas and federal courts have found no constitutional violation when officers detain drivers to issue these citations. White was therefore acting within his proper authority when he issued the warning citation. Requiring a signature on that warning citation is a reasonable use of the discretionary authority to issue a warning citation. While there *may* be situations in which an officer oversteps his authority in issuing a warning citation, the facts before the court – facts the defendant agrees *fully and accurately* reflect the facts the court should use – do not even hint at such circumstances in this case. Accordingly, defendant's first objection is overruled.

Defendant also objects to the magistrate judge's alternative reason for denying the motion to suppress, that White had reasonable suspicion to detain the defendants. Dekerion argues either that White should have acted on his suspicions earlier, or that when the computer checks came back negative, White's suspicions should have been dispelled. The court agrees that when investigating his suspicions, White was required to diligently pursue a means of investigation likely to confirm or dispel his suspicions quickly. See <u>United States v. Brigham</u>, 382 F.3d 500, 511 (5th Cir. 2004). White was also required to ensure that the traffic stop was no longer than was necessary to effectuate the purpose of the stop. See <u>United States v. Dortch</u>, 199 F.3d 193, 200 (5th Cir. 1999). But nothing compelled White to complete one investigation before the other.

Here, White attempted to complete the traffic stop by obtaining the computer checks, and investigating his suspicions at the same time. The negative results of the computer checks did not serve to remove all of White's reasonable suspicions. By their nature, the computer checks can resolve suspicions only as to certain illegal conduct, e.g., a stolen car, fugitive status. A computer check could not in any way inform White that Lonvicci and Dekerion were not *currently* engaging in criminal conduct, e.g., drug trafficking.

White's suspicions were reasonable. While an innocent explanation may be plausible for all of the factors cited by White, they are more susceptible to raising a reasonable suspicion. Dekerion may have been completely honest when said he went to Houston to check on his mother, and by that he meant he went to ask relatives about his mother. But it is also reasonable for a person hearing Dekerion's statement that he went to Houston to check on his mother, and hearing Lonvicci's statement that Dekerion's mother lived in North Carolina, to be suspicious and find the statements inconsistent. It is also reasonable for an officer to be suspicious when an individual gives a false name and birth date, even if this information is later corrected. It is not the false information itself that creates the suspicion, but the fact that the individual felt a need to lie to law enforcement. The inconsistent information, the giving of false information, and the marijuana residue all combined gave White reasonable suspicion of ongoing criminal activity, sufficient to justify detaining Lonvicci and Dekerion. Neither argument is persuasive, and this objection also is overruled.

Finally, defendant objects to the magistrate judge's footnote observation that in any event, the vehicle driver's consent may have dissipated the taint of any unlawful detention. Since this

observation was made in passing and not integral to the magistrate judge's recommendation, the court need not address the objection.

Accordingly, defendant's objections are **OVERRULED**, and the report of the magistrate judge is **ADOPTED**. It is further

**ORDERED** that defendant's motion to suppress is **DENIED**.

**SIGNED** this the 20 day of **June, 2007.**

_____
Thad Heartfield
United States District Judge